M. J. ULINE, Inc., Appellant,

v.

Robert B. NEELY, father and next friend of R. Thomas Neely, infant, and R. Thomas Neely, infant, Appellees.

No. 14163.

United States Court of Appeals District of Columbia Circuit.

Argued March 20, 1958.

Decided April 3, 1958.

Mr. Samuel Green, Washington, D. C., with whom Mr. Frank Smith, Washington, D. C., was on the brief, for appellant.

Mr. Laidler B. Mackall, Washington, D. C., with whom Mr. Charles G. Williamson, Jr., Washington, D. C., was on the brief, for appellees.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

PER CURIAM.

The minor appellee was injured when struck in the mouth by a flying puck during the course of a professional hockey game played in the appellant's arena. The jury returned a verdict in favor of the minor because of his injury, and a verdict in favor of his father for expenses incurred on account of the son's injury. Appellant assigns as error the denial of its motion for a directed verdict.

█ Not questioning our opinion in Uline Ice, Inc., v. Sullivan, 1950, 88 U.S. App.D.C. 104, 187 F.2d 82, appellant nevertheless asks us to hold, as a matter of law, that the minor appellee, then aged fourteen and a half, had assumed the risk of injury when he took a seat in an unprotected portion of the arena, immediately adjacent to the playing surface of the rink. It was conceded that appellant had posted no signs and had not otherwise given warning of the possibilities of danger to those so seated. Consider-

ing the evidence as a whole, we will not say that the trial judge erred in allowing this issue to be decided by the jury.

Appellant also attacks certain other rulings. Complaint is made of the trial court's refusal of a requested instruction that the jury must not be swayed by the fact that on the one side the parties were individuals and on the other, a corporation. While the trial judge might well have granted the request, we are not shown how the refusal here constitutes such an abuse of discretion as to constitute error. Appellant's further argument that a mistrial should have been declared when counsel for the appellees asked an allegedly improper question falls in the face of the prompt admonition to the jury that the challenged question and the partial answer should be completely disregarded.

We are satisfied that the case was properly submitted to the jury under instructions which were adequate, well adapted to the issues and quite satisfactory for the guidance of the jury's deliberations. There is no error affecting substantial rights.

Affirmed.